IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01717-EWN-KLM

BONNIE BRUNET,
MARTIN RIST,
JOSEPH GIVSON,
J&D QUALITY ENTERPRISES, LLC,
BRADLEY P. SHELTON,
BPS ENTERPRISES, INC.,
MICHAEL J. CAMPBELL,
PATTY CAMPBELL,
FRESH PERSPECTIVES, INC.,
THOMAS HAYWOOD,
JASON HAYWOOD,
JASON THOMAS, INC., D/B/A QUIZNOS SUB,
DANIEL S. KESSELS,
PHUONG T. NGUYEN,
GRATEFUL D, INC.,
JOHN MCCARTHY,
JONATHON SEQUEIRA,
MCJON, INC.,
JAMES M. TULLY,
KIND OF BLUE, INC.,
DAVID M. POLLOCK,
TINA POLLOCK,
NICHOLAS J. POLLOCK,
WESTHAMPTON ENTERPRISES LLC,
JOHN F. MERRY,
THOMAS E. MERRY,
MSQUARED 1, INC.,
JOHN E. VIRGILI,
UNIVERSAL FOODS, INC.,
DAVID M. RONAN,
TERRANCE M. CASEY,
WAVE DANCER HOLDINGS LLC,
CAROLYN PEDDY,
MIKKI LUCAS F/K/A MIKKI PEDDY,
CMC ENTERPRISE PARTNERS LLC,
BRIAN L. CURL,
BN&N ENTERPRISES LLC,
ROBERT HAMPSHIRE,
TWO WISCONSIN BOYS LLC,

MATHEW HAAS, and
QP ENTERPRISES, INC.,
Individually and on Behalf of All Other Similarly Situated,

    Plaintiff(s),

v.

THE QUIZNO'S FRANCHISE COMPANY LLC,
QUIZNO'S FRANCHISING LLC,
QUIZNO'S FRANCHISING II LLC,
THE QUIZNO'S MASTER LLC,
QFA ROYALTIES LLC,
QZ FINANCE LLC,
QIP HOLDER LLC,
TQSC LLC,
TQSC II LLC,
CERVANTES CAPITAL LLC,
RICHARD E. SCHADEN, and
RICHARD F. SCHADEN,

    Defendant(s).
_____

### MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' Motion to Amend Scheduling Order to Stay all Pretrial Deadlines Pending Decision on Motion to Dismiss and to Extend the Date for Initial Disclosures and Defendants' Discovery Responses [Docket No. 32; filed November 8, 2007] ("Motion to Stay"). By Court Order dated November 13, 2007, the Court granted Defendants' request to extend the initial disclosures deadline and the deadline for Defendants' response to Plaintiffs' initial written discovery requests [Docket No. 34]. The Court reserved ruling on Defendants' request to stay the proceedings pending a decision on Defendants' Motion to Dismiss. Plaintiffs filed a response to the

2

Motion to Stay on November 19, 2007 [Docket No. 37], and Defendants filed a reply on December 4, 2007 [Docket No. 56]. The Motion to Stay has now been fully briefed.

IT IS HEREBY **ORDERED** that the Motion to Stay is **DENIED** for the reasons set forth below.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished opinion). However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished opinion) (denoting a five-part test). Here, those factors weigh against entry of a stay.

First, the Court considers whether the Plaintiffs have an interest in proceeding expeditiously. In the present case, there can be no dispute that Plaintiffs have an interest, as should Defendants, in proceeding expeditiously given the Scheduling Order entered by the Court. In addition, the Court expects discovery on a case of this scale to be a lengthy process and a delay pending a decision on the Motion to Dismiss will only further prolong it.

Second, the Court considers Defendants' burden of going forward with discovery. Defendants have not sufficiently demonstrated their burden of going forward with discovery. They have simply asked the Court to assume that responding to Plaintiffs' outstanding discovery requests will require "an incredibly expensive undertaking." Defendants' Motion at 7 [Docket No. 32]. The Court cannot and will not make this

3

assumption without a showing of some factual basis for it. Further, Plaintiffs argue that Defendants agreed to the discovery schedule which they are now claiming will impose an undue burden on them. Plaintiffs' Response at 6 [Docket No. 37]. Although the Court recognizes that this case will likely involve expansive discovery, the Court cannot conclude, based solely on Defendants' conclusory assertions, that this burden outweighs the other factors at issue in the Court's determination.

Third, the Court considers its own docket and judicial efficiency. This factor bends **either** in favor of Plaintiffs (judicial economy is promoted if discovery moves forward and the Motion to Dismiss is eventually denied, because the parties will be closer to judicial resolution earlier) **or** in favor of the Defendants (judicial economy is promoted if the case is stayed and the Motion to Dismiss is eventually granted, because the Court will not have had to expend resources on a case which is ultimately found to lack legal merit). Defendants justify their request for a stay, in large part, based on the recent dismissal of a similar action involving the parties in the United States District Court for the Eastern District of Wisconsin. *Westerfield v. The Quizno's Franchise Co., LLC*, No. 06-C-1210, slip op. (E.D. Wis. Nov. 5, 2007). Defendants' Motion at 7-8 [Docket No. 32]. The parties strongly disagree on the effect of the Wisconsin District Court's Order. Nevertheless, Defendants ask the Court to prejudge the Motion to Dismiss based on the dismissal by the Wisconsin District Court. I decline to do so for two reasons: (1) the Court has no authority to rule on dispositive motions in this case without a referral of such motions by the District Court; and (2) this Court's opinion, ultimately, does not matter because the Motion has not been referred. Chief Judge Nottingham will decide the merits of the Motion to Dismiss.

4

If this Court guesses wrong, both parties are disadvantaged and the orderly administration of justice is undermined.

Fourth, the Court considers the interests of persons who are not parties to the litigation. In this regard, Plaintiffs point to the "interests of thousands of Quiznos franchisees nationwide who have suffered injuries substantially identical to those alleged in the Complaint" and who are putative class members. Plaintiffs' Response at 8 [Docket No. 37]. The interests of these people, Plaintiffs contend, are undermined by entry of a stay. Presumably, Plaintiffs mean that staying the litigation will adversely impact timely redress of the potential class members' alleged injuries. Defendants point to Plaintiffs' professed need to depose many witnesses across the country, whose depositions could be avoided if the stay is entered. Defendants' Reply at 8 [Docket No. 56]. Defendants do not make a convincing argument on behalf of these unnamed potential deponents. Many of them are likely *potential* class members whose inconvenience at being deposed would be outweighed by their interest in recovering damages. Other potential deponents are likely employees of Defendants (and thus agents of a named party) or experts, who are compensated for their time and opinions. Accordingly, this factor weighs in favor of Plaintiffs.

Fifth, the Court considers the public generally. Plaintiffs contend that the public has an interest in promoting the effectiveness of our legal system by ensuring that those with meritorious legal claims obtain timely, adequate relief. Plaintiffs' Response at 9 [Docket No. 37]. Defendants do not point out an alternate public interest, but simply contend that the public can and should wait for justice in the face of a potentially meritorious defense.

Defendants' Reply at 8 [Docket No. 56]. The truth of Plaintiffs' position is beyond dispute. Defendants' position depends, in part, on an assessment of the merits of the Motion to Dismiss, which I refuse to make as noted earlier.

The Court finds that the balance of the factors to be considered regarding entry of a stay weighs in favor of Plaintiffs. Even so, this is a close case, and the Court is not unmoved by Defendants' argument. As such, I urge the parties to agree to reasonable limits on discovery until the Motion to Dismiss is decided.

Dated:      December 17, 2007

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix