IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01717-EWN-KMT

BONNIE BRUNET,
MARTIN RIST,
JOSEPH GIVSON,
J&D QUALITY ENTERPRISES, LLC,
BRADLEY P. SHELTON,
BPS ENTERPRISES, INC.,
MICHAEL J. CAMPBELL,
PATTY CAMPBELL,
FRESH PERSPECTIVES, INC.,
THOMAS HAYWOOD,
JASON HAYWOOD,
JASON THOMAS, INC., D/B/A QUIZNOS SUB,
DANIEL S. KESSELS,
PHUONG T. NGUYEN,
GRATEFUL D, INC.,
JOHN MCCARTHY,
JONATHON SEQUEIRA,
MCJON, INC.,
JAMES M. TULLY,
KIND OF BLUE, INC.,
DAVID M. POLLOCK,
TINA POLLOCK,
NICHOLAS J. POLLOCK,
WESTHAMPTON ENTERPRISES LLC,
JOHN F. MERRY,
THOMAS E. MERRY,
MSQUARED 1, INC.,
JOHN E. VIRGILI,
UNIVERSAL FOODS, INC.,
DAVID M. RONAN,
TERRANCE M. CASEY,
WAVE DANCER HOLDINGS LLC,
CAROLYN PEDDY,
MIKKI LUCAS F/K/A MIKKI PEDDY,
CMC ENTERPRISE PARTNERS LLC,
BRIAN L. CURL,
BN&N ENTERPRISES LLC,

ROBERT HAMPSHIRE,
TWO WISCONSIN BOYS LLC,
MATHEW HAAS, and
QP ENTERPRISES, INC.,
Individually and on Behalf of All Other Similarly Situated,

       Plaintiffs,

v.

THE QUIZNO'S FRANCHISE COMPANY LLC,
QUIZNO'S FRANCHISING LLC,
QUIZNO'S FRANCHISING II LLC,
THE QUIZNO'S MASTER LLC,
QFA ROYALTIES LLC,
QZ FINANCE LLC,
QIP HOLDER LLC,
TQSC LLC,
TQSC II LLC,
CERVANTES CAPITAL LLC,
RICHARD E. SCHADEN, and
RICHARD F. SCHADEN,

       Defendants.

---

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on the "Joint Motion to Amend Scheduling Order" (Doc. No. 86) filed April 18, 2008.  This action is one of several similar lawsuits pending throughout the United States involving franchisees of Quiznos.  In additional to the national cases, this Colorado case is related to another case filed in this District involving additional

Quiznos franchisees who are differently situated from the plaintiffs in this case. All the cases involve representation by the same attorneys.

This court has undertaken settlement facilitation with the parties in this case, however settlement of any one case in isolation appears improbable. The plaintiffs and the defendants have agreed to joint mediation with a private mediator which will cover all the cases. The mediation is planned for June, 2008.

No defendant has filed an Answer in this case. A Motion to Dismiss was filed on October 25, 2007 and remains pending. Defendants' motion for stay of discovery pending resolution of the Motion to Dismiss was denied, however, Magistrate Judge Mix concluded,

> The Court finds that the balance of the factors to be considered regarding entry of a stay weighs in favor of Plaintiffs [arguing against a stay]. Even so, this is a close case, and the Court is not unmoved by Defendants' argument. As such, I urge the parties to agree to reasonable limits on discovery until the Motion to Dismiss is decided.

[Doc. No. 60 at 6].

The parties appear to have conscientiously adhered to Magistrate Judge Mix's order. A considerable amount of document production and written discovery has been undertaken. The production of electronically stored information has been especially costly and has been temporarily halted in favor of a global attempt at mediation. Several discovery disputes, likely to ultimately need judicial resolution if the case is not successfully mediated, have been temporarily tabled in favor of concentration on imminent settlement negotiations.

It is the finding of this court that the extended deadlines proposed by the parties in this case are reasonable and that the interests of justice and judicial economy would be served by

allowing an extension of the dates currently contained in the Scheduling Order, as amended, in an effort to facilitate global resolution of some or all of the issues involved in the cases.

Therefore, it is **RECOMMENDED** that the Dispositive Motion Deadline as set out in Paragraph 8(c) and set by Chief Judge Nottingham in his General Case Management Order and Order of Reference to United States Magistrate Judge (Doc. No. 5) be extended to November 14, 2008.

It is further **RECOMMENDED** that, if the Court extends the Dispositive Motion Deadline as recommended herein, all deadlines in the Scheduling Order entered October 24, 2007, and modified on February 14, 2008, be extended as follows:

Discovery Cut-Off as set out in Paragraph 8(b):  November 14, 2008

Motions for Class Certification as set out in Paragraph 8(c):  September 15, 2008

Expert Witness Disclosures as set out in Paragraph 8(d)(3):  September 15, 2008

Expert Witness Disclosures as set out in Paragraph 8(d)(4):  December 15, 2008

Interrogatories, Document Requests, and Requests for Admissions:  Served so responses will be received no later than November 14, 2008

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

Dated this 22nd day of May, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge