IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01717-EWN-KMT

BONNIE BRUNET,
MARTIN RIST,
JOSEPH GIVSON,
J&D QUALITY ENTERPRISES, LLC,
BRADLEY P. SHELTON,
BPS ENTERPRISES, INC.,
MICHAEL J. CAMPBELL,
PATTY CAMPBELL,
FRESH PERSPECTIVES, INC.,
THOMAS HAYWOOD,
JASON HAYWOOD,
JASON THOMAS, INC., D/B/A QUIZNOS SUB,
DANIEL S. KESSELS,
PHUONG T. NGUYEN,
GRATEFUL D, INC.,
JOHN MCCARTHY,
JONATHON SEQUEIRA,
MCJON, INC.,
JAMES M. TULLY,
KIND OF BLUE, INC.,
DAVID M. POLLOCK,
TINA POLLOCK,
NICHOLAS J. POLLOCK,
WESTHAMPTON ENTERPRISES LLC,
JOHN F. MERRY,
THOMAS E. MERRY,
MSQUARED 1, INC.,
JOHN E. VIRGILI,
UNIVERSAL FOODS, INC.,
DAVID M. RONAN,
TERRANCE M. CASEY,
WAVE DANCER HOLDINGS LLC,
CAROLYN PEDDY,
MIKKI LUCAS F/K/A MIKKI PEDDY,
CMC ENTERPRISE PARTNERS LLC,
BRIAN L. CURL,
BN&N ENTERPRISES LLC,

ROBERT HAMPSHIRE,
TWO WISCONSIN BOYS LLC,
MATHEW HAAS, and
QP ENTERPRISES, INC.,
Individually and on Behalf of All Other Similarly Situated,

     Plaintiffs,

v.

THE QUIZNO'S FRANCHISE COMPANY LLC,
QUIZNO'S FRANCHISING LLC,
QUIZNO'S FRANCHISING II LLC,
THE QUIZNO'S MASTER LLC,
QFA ROYALTIES LLC,
QZ FINANCE LLC,
QIP HOLDER LLC,
TQSC LLC,
TQSC II LLC,
CERVANTES CAPITAL LLC,
RICHARD E. SCHADEN, and
RICHARD F. SCHADEN,

     Defendants.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

     This case comes before the court on the "Joint Motion to Extend Dispositive Motions Deadline" [Doc. No. 112] and "Joint Motion to Amend Scheduling Order" [Doc. No. 113] both filed September 15, 2008.

     This action is one of several similar lawsuits pending throughout the United States involving franchisees of Quiznos. In additional to the national cases, this Colorado case is

related to another case filed in this District involving additional Quiznos franchisees who are differently situated from the plaintiffs in this case. All the cases involve representation by the same attorneys.

This court has undertaken settlement facilitation with the parties in this case, however settlement of any one case in isolation appears improbable. The plaintiffs and the defendants agreed to joint mediation with a private mediator. Based upon this posture and the fact the parties appeared to have been diligently pursuing discovery in the case, I recommended that the dispositive motion deadline originally set by Chief Judge Nottingham be extended to November 14, 2008, allowing this court to set other commensurate deadlines. The District Court allowed the extension. [Order, Doc. No. 94, filed May 28, 2008]. On September 2, 2008, the parties advised privately mediated settlement negotiations had been unsuccessful after several days of negotiations.

On September 16, 2008, having been granted leave of court, the plaintiffs filed an "Amended Class Action Complaint." (ACAC" [Doc. No. 118].) The parties have agreed that an answer or other responsive pleading to the ACAC should be due on or before October 15, 2008.

As previously noted, the parties appear to have conscientiously adhered to Magistrate Judge Mix's Order to place reasonable limits on discovery until the Motion to Dismiss was decided. [Doc. No. 60 at 6]. That motion was rendered moot by the filing of the ACAC. [Order, Doc. No. 121, filed September 24, 2008].

Given the complicated nature of the case and the time eliminated from the discovery process to pursue mediation for a nationwide resolution, the parties now seek a further extension of the deadline dates to complete discovery in this case.

The parties now propose that the Scheduling Order be further amended as follows:

Defendants' Response to the Amended Complaint - October 15, 2008
Plaintiffs' Deadline to file Class Certification Motion - December 1, 2008
Defendants' Response to Motion for Class Certification - February 2, 2009
Deadline to Disclose Expert Witnesses (per ¶ 8(d)(3)) - February 16, 2009
Plaintiffs' Reply in Support of Motion for Class Certification - March 31, 2009
Deadline to Disclose Rebuttal Expert Witnesses (per ¶ 8(d)(4)) - April 30, 2009
Discovery Cutoff - May 29, 2009

The parties request that the Magistrate Judge recommend to the District Court that the dispositive motions deadline, now set for November 14, 2008, be extended to June 30, 2009. This request, therefore, seeks approximately seven and one-half months of additional discovery and pre-trial motion time to have Answers filed, the class action nature of the case addressed and to retain and disclose experts as well as taking additional depositions. In a case such as this one, this additional amount of time does not seem unreasonable to this court and this court finds that the interests of justice and judicial economy would be served by allowing an extension of the dates currently contained in the Scheduling Order, as amended, in accord with the requested dates noted herein.

Therefore, it is **RECOMMENDED** that

1. "Joint Motion to Extend Dispositive Motions Deadline" [Doc. No. 112] and "Joint Motion to Amend Scheduling Order" [Doc. No. 113] be **GRANTED** and that the Dispositive Motion Deadline as set out in Paragraph 8(c) and set by Chief Judge Nottingham in

his General Case Management Order and Order of Reference to United States Magistrate Judge (Doc. No. 5), as previously extended by the court on May 28, 2008, be extended to June 30, 2009.

    2.    If the Court extends the Dispositive Motion Deadline as recommended herein, it is further **RECOMMENDED** that certain deadlines in the Scheduling Order entered October 24, 2007, and modified on February 14, 2008 and on May 28, 2008, be extended as follows:

> Defendants' Response to the Amended Complaint - October 15, 2008
> Plaintiffs' Deadline to file Class Certification Motion - December 1, 2008
> Defendants' Response to Motion for Class Certification - February 2, 2009
> Deadline to Disclose Expert Witnesses (per ¶ 8(d)(3)) - February 16, 2009
> Plaintiffs' Reply in Support of Motion for Class Certification - March 31, 2009
> Deadline to Disclose Rebuttal Expert Witnesses (per ¶ 8(d)(4)) - April 30, 2009
> Discovery Cutoff - May 29, 2009

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

5

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    Dated this 25th day of September, 2008.

                                            BY THE COURT:

                                            s/ Kathleen M. Tafoya
                                            KATHLEEN M. TAFOYA
                                            United States Magistrate Judge