IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01717-PAB-KMT

BONNIE BRUNET,
MARTIN RIST,
JOSEPH GIVSON,
J&D QUALITY ENTERPRISES, LLC,
BRADLEY P. SHELTON,
BPS ENTERPRISES, INC.,
MICHAEL J. CAMPBELL,
PATTY CAMPBELL,
FRESH PERSPECTIVES, INC.,
THOMAS HAYWOOD,
JASON HAYWOOD,
JASON THOMAS, INC., D/B/A QUIZNOS SUB,
DANIEL S. KESSELS,
PHUONG T. NGUYEN,
GRATEFUL D, INC.,
JOHN MCCARTHY,
JONATHON SEQUEIRA,
MCJON, INC.,
JAMES M. TULLY,
KIND OF BLUE, INC.,
DAVID M. POLLOCK,
TINA POLLOCK,
NICHOLAS J. POLLOCK,
WESTHAMPTON ENTERPRISES LLC,
JOHN F. MERRY,
THOMAS E. MERRY,
MSQUARED 1, INC.,
JOHN E. VIRGILI,
UNIVERSAL FOODS, INC.,
DAVID M. RONAN,
TERRANCE M. CASEY,
WAVE DANCER HOLDINGS LLC,
CAROLYN PEDDY,
MIKKI LUCAS F/K/A MIKKI PEDDY,
CMC ENTERPRISE PARTNERS LLC,
BRIAN L. CURL,

BN&N ENTERPRISES LLC,
ROBERT HAMPSHIRE,
TWO WISCONSIN BOYS LLC,
MATHEW HAAS, and
QP ENTERPRISES, INC.,
Individually and on Behalf of All Other Similarly Situated,

    Plaintiffs.

v.

THE QUIZNO'S FRANCHISE COMPANY LLC,
QUIZNO'S FRANCHISING LLC,
QUIZNO'S FRANCHISING II LLC,
THE QUIZNO'S MASTER LLC,
QFA ROYALTIES LLC,
QZ FINANCE LLC,
QIP HOLDER LLC,
TQSC II LLC,
CERVANTES CAPITAL LLC,
RICHARD E. SCHADEN, and
RICHARD F. SCHADEN,

    Defendants.

## ORDER

This matter is before the court on "Defendant's Motion for Protective Order" (*"Mot.P.O."*) [Doc. No. 75, filed March 4, 2008]. "Plaintiffs' Brief in Opposition to Motion for Protective Order" (*"Plnt. Obj."*) [Doc. No. 80] was filed on March 24, 2008 and defendants' "Reply in Support of Motion for Protective Order" (*"Rply")* [Doc. No. 84] was filed on April 8, 2008. Several pending motions in this case were held in abeyance pending the parties agreement

to engage in private mediation; however, plaintiffs filed an Amended Complaint on September 16, 2008 and motions were re-activated. This motion, with respect to Fed. R. Civ. P. 30(b)(6) designation request no. 23, is now ripe for review and ruling.

*Background*

This action has been brought by certain franchisees of the Quiznos toasted submarine sandwich shop restaurant chain against certain of the corporate franchisors alleging, among other things, that Quiznos engaged in a deliberate effort to overcharge its franchisees for the food, equipment and supplies necessary to run a Quiznos restaurant. The plaintiffs allege this happens in part because Quiznos requires franchisees to purchase the necessary items from Quiznos corporate controlled suppliers. Quiznos, among other defenses, claims plaintiffs' claims are barred by a contractual limitation provision contained in the Franchise Agreement signed by the plaintiffs. Plaintiffs dispute the applicability of the limitation defense, claiming that defendants should be estopped from invoking a limitations defense based on their theory that a series of representations were made by Quiznos executives and others which showed that Quiznos acknowledged the practice of overcharging for food and other costs and that Quiznos was taking action to reduce the disputed costs.

Plaintiffs have asked that Quiznos designate one or more corporate representatives to testify to

> 23. For the period between January 1, 1999 and the present, all representations made to Franchise Owners in the United States by the Franchisor

relating to its efforts to lower the costs of food, supplies, equipment, and services in operating a Quiznos restaurant.

(*Plnt. Obj.* at 4.)

Defendants claim the requested designation is overly broad and that it would be "impossible for Quiznos to designate and educate someone to testify as to 9 years of alleged representations" and Quiznos states that "plaintiffs have not identified those representations with reasonable particularity." (*Mot.P.O.* at 5).

### *Legal Standard*

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir.1990). A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). The party seeking a protective order must show that the discovery request will result in a clearly defined and serious injury to that moving party." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo., 2003)(*citing Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo., 2002)). *See O'Hare v. TRS Recovery Services, Inc.*, 2008 WL 5169519, at *1 (D. Colo., 2008).

Fed. R. Civ. P. 26(b)(2)(C) provides that discovery shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its

likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 30(b)(6) which controls deposition testimony by corporate representatives provides

> (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

*Id.*

A corporation appears vicariously through its designee. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C.1996). The law is well-settled that corporations have an "affirmative duty" to make available as many persons as necessary to give "complete, knowledgeable, and binding answers" on the corporation's behalf. *Reilly v. NatWest Mkt. Group Inc.*, 181 F.3d 253, 268 (2d Cir., 1999)(internal quotation marks omitted; quoting *Sec. & Exch. Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992)). If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Taylor* at 361.

Merely stating that the persons directly involved in corporate activity are no longer with the company and perhaps not readily available for interview is not enough to negate a corporation's duty for designation. *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir.1993)(noting that Rule 30(b)(6) places the burden of identifying responsive witness for corporate deposition on corporation). "[T]he view that the duty to educate a person with no prior knowledge is 'prejudicial' to a corporation has not prevailed, and it appears now to be recognized that the Rule 30(b)(6) deponent must be woodshedded with information that was never known to the witness prior to deposition preparation." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 -1147 (10th Cir., 2007)(*citing* Roger Fendrich and Kent Sinclair, *Discovering Corporate Knowledge and Contentions*, 50 Ala. L. Rev. 651, 665 (1999)).

Federal courts may issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) notices. *See In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). In that case, one of the plaintiffs served a Rule 30(b)(6) deposition notice on defendant Xerox Corporation, requesting that Xerox produce a corporate witness "to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims." The Court held that while this plaintiff had "a right to discover the facts upon which Xerox will rely for its defense and counterclaims," its attempt to do so through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information." *Id. See also Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 21 (E. D. Pa., 1986)(breadth of the questions asked was "troubling[,]" and where there had been "no attempt to tailor them to the facts ... involved in

6

this case[,]" they were "so broad that they would have called for an answer that could amount to a treatise."); *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, *9-10 (N.D. Ill. Jan. 24, 2000).

*Analysis*

As a general proposition, whether something is discoverable under Fed.R.Civ.P. 26 is determined under a different, broader standard than that used to determine admissibility at trial. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). But there are limits to discovery and the ways in which parties may use particular discovery tools.

In their opposition to defendants' motion plaintiffs outline the elements of their proof that defendants are estopped from arguing that plaintiffs' claims are limited by the Franchise Agreements they signed. (*Plnt. Obj*. at 8) Plaintiff's argue, "[i]n order to prove estoppel, plaintiffs must be able to explore with Quiznos what it knew, when it knew it, and whether the representations that it made to franchisees with respect to Quiznos' efforts to lower food costs were true or whether they were made in an effort to induce franchisees to sleep on their rights." *Id.* Plaintiffs acknowledge that one of the elements they must prove to invoke estoppel against defendants is that, "the party asserting the estoppel [in this case plaintiffs] must rely on the other party's conduct to his or her injury." *Id.*

Obviously, to defeat the defendants' reliance on the contractual provisions of the Franchise Agreement, plaintiffs' claim that Quiznos representatives' made statements to plaintiffs concerning their knowledge that franchisees were being overcharged for food and other

7

costs and that Quiznos executives and others were taking action to reduce those costs. Plaintiffs' estoppel claim is that the representations lulled them into a false sense of security, causing the franchisees to keep from filing a lawsuit such as this one. This whole theory pre-supposes that plaintiffs heard and were aware of the representations from Quiznos and, therefore, can identify which of the representations they individually, or collectively, relied upon. Obviously, the plaintiffs should be able to particularize the representations upon which they relied and now wish to take testimony. In fact, the plaintiffs have done exactly that as to some of the statements on page 3 of their Brief in Opposition to the motion at issue. *See Plnt.Opp.* at 3.

The Tenth Circuit has suggested that in preparing a corporate designee for deposition testimony which will bind the corporation, the corporation should use "the discovering party's roster of desired information as a guide [and] the entity is expected to create a witness with responsive knowledge." *Ecclesiastes* at 1147, n. 13. This certainly suggests that the plaintiffs should be required to "prepare a roster of information" which is reasonably specific and intelligible to the defendants so that they know about which specific representations their designee needs to acquire knowledge.

This court sees no reason why the plaintiffs should not be required to list with particularity which statements or series of statements they claim were made by corporate representatives, including but not limited to: identifying the speaker, the date of the representation, the place of the representation, the event at which it took place and the paraphrased content of the statement on which they relied in making any of the decisions at issue in this case.

It is therefore **ORDERED**

Defendant's Motion for Protective Order [Doc. No. 75] is **GRANTED**. Item No. 23 on plaintiff's Notice of Rule 30(b)(6) Deposition [Doc. No. 75-2, Exhibit A, p. 9] as it is currently structured is overbroad and therefore will be **STRIKEN**. Defendants will not be required to designate a corporate representative to testify to this 'subject of examination' as drafted.

It is further **ORDERED**

Plaintiffs will be permitted to submit a revised Notice of Rule 30(b)(6) Deposition as to the subject matter originally contained in Item No. 23 which sets forth <u>with particularity</u> each representation or series of representations upon which they require the defendants to designate a corporate representative to testify. The revised Notice of Rule 30(b)(6) Deposition shall be submitted to defendants on or before January 23, 2009.

Dated this 23d day of December, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge