IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01717-PAB-KMT


BONNIE BRUNET,
MARTIN RIST,
JOSEPH GIVSON,
J&D QUALITY ENTERPRISES, LLC,
BRADLEY P. SHELTON,
BPS ENTERPRISES, INC.,
MICHAEL J. CAMPBELL,
PATTY CAMPBELL,
FRESH PERSPECTIVES, INC.,
THOMAS HAYWOOD,
JASON HAYWOOD,
JASON THOMAS, INC., D/B/A QUIZNOS SUB,
DANIEL S. KESSELS,
PHUONG T. NGUYEN,
GRATEFUL D, INC.,
JOHN MCCARTHY,
JONATHON SEQUEIRA,
MCJON, INC.,
JAMES M. TULLY,
KIND OF BLUE, INC.,
DAVID M. POLLOCK,
TINA POLLOCK,
NICHOLAS J. POLLOCK,
WESTHAMPTON ENTERPRISES LLC,
JOHN F. MERRY,
THOMAS E. MERRY,
MSQUARED 1, INC.,
JOHN E. VIRGILI,
UNIVERSAL FOODS, INC.,
DAVID M. RONAN,
TERRANCE M. CASEY,
WAVE DANCER HOLDINGS LLC,
CAROLYN PEDDY,
MIKKI LUCAS F/K/A MIKKI PEDDY,
CMC ENTERPRISE PARTNERS LLC,
BRIAN L. CURL,

BN&N ENTERPRISES LLC,
ROBERT HAMPSHIRE,
TWO WISCONSIN BOYS LLC and
Individually and on Behalf of All Other Similarly Situated,

      Plaintiffs.

v.

THE QUIZNO'S FRANCHISE COMPANY LLC,
QUIZNO'S FRANCHISING LLC,
QUIZNO'S FRANCHISING II LLC,
THE QUIZNO'S MASTER LLC,
QFA ROYALTIES LLC,
QZ FINANCE LLC,
QIP HOLDER LLC,
TQSC II LLC,
CERVANTES CAPITAL LLC,
RICHARD E. SCHADEN, and
RICHARD F. SCHADEN,

      Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiffs' Motion to Compel Defendants' Production

of Third Party Documents" ("Mot.") [Doc. No. 147, filed November 11, 2008]. "Defendants'

Response in Opposition to Plaintiffs' Motion to Compel Production of  Third Party Documents"

("Rsp.") [Doc. No. 158] was filed on December 1, 2008 and Plaintiffs filed a Reply on

December 16, 2008 [Doc. No. 171].  The court has reviewed the parties' submissions and does

not feel oral argument would be of material assistance.  The motion is therefore ripe for review

and ruling.

*BACKGROUND*

This action has been brought by certain franchisees of the Quiznos toasted submarine

sandwich shop restaurant chain alleging, among other things, that Quiznos[1] engaged in a

deliberate effort to overcharge its franchisees for the food, equipment and supplies necessary to

run a Quiznos restaurant.  Quiznos, among other defenses, claims plaintiffs' claims are barred by

a contractual limitation provision contained in the Franchise Agreement signed by the plaintiffs.

This case is one of several pending related cases filed in this District and elsewhere.[2]

On September 3, 2008, Plaintiffs served non-party Harris Bank in Chicago, Illinois with a

subpoena pursuant to Fed. R. Civ. P. 45 to produce documents.  (Mot. at 2; Declaration of Janice

A. Rhodes ("Rhodes' Decl.")[Doc. No. 149], Exh. A.)  The parties do not dispute that Harris

Bank located documents which it believed were responsive to the subpoena and notified both the

plaintiffs and defendants of its intention to produce the documents absent further court order.

(Mot. at 2; Rsp. at 2.)  The bank's letter to the parties is attached to the Rhodes Declaration at

Exhibit B and, contrary to the characterization by defendants, the letter does not indicate that any

of the documents are confidential.  The defendants thereafter, on September 26, 2008, sent an

email to plaintiffs stating that the bank indicated to Quiznos that some of the documents it had

gathered appeared to be confidential and "would prefer that Quiznos itself undertake the task of

reviewing and labeling for confidentiality under the Protective Order."  (Declaration of Joseph

---

[1] The collective defendant entities and persons will be collectively referred to as "Quiznos" for the purposes of this Order.

[2] A Motion to Certify Class was filed by the plaintiffs on February 9, 2009.

Goode ("Goode Decl."), Exh. C.)  The defendants further told plaintiffs, "the third party wants to

know if both sides will agree to this procedure beforehand." (*Id.*)  By return email on the same

day, plaintiffs responded that, conditioned on certain terms, it would not object to the proposed

procedure.  The terms were,

> "1. The agreement to do so must be in writing from the Harris Bank attorney to
> your colleague (with a copy to me).
> 2. It is expressly understood that Harris Bank and not your colleague (or anyone
> else associated with Quiznos) will be deciding "responsiveness" under the
> subpoena before turning the records over to your colleague for the designation of
> "confidentiality".
> 3. Harris Bank will comply with whatever deadline my colleague Jan Rhodes has
> given them for the production (meaning David LaSpaluto's designation efforts
> cannot and will not be used to delay the production by the agreed upon return
> date)."

(*Id.*)

Harris Bank thereafter released the records to plaintiffs on September 30, 2008,

accompanied by the letter agreement referenced by the parties in item number one of the

September 26, 2008 email exchange. (Rhodes Decl., Exh. C.)  The letter, drafted by counsel for

Harris Bank, stated that pursuant to the agreement between plaintiffs and defendants, the bank

would release the documents to the defendant "for purposes of marking the documents and

including confidentiality designations pursuant to the protective order entered in the lawsuit."

*Id.*  The letter from Harris Bank also indicated its understanding that after the documents were

duly marked and designated, the plaintiff would "forward a complete set of copies of the

documents to Plaintiffs' attorneys."  *Id.*  The letter also indicated to both parties that there were a

total of 760 pages being produced and the plaintiffs were billed in the amount of $303.83.  *Id.*

Again, the parties do not dispute that contrary to the express provisions of their agreement, particularly item number three, the documents were not provided to the plaintiffs until October 23, 2008. Additionally, when the documents were delivered they were marked upon, redacted in places and pages were deleted. (Rhodes Decl., Exh. F.)

Upon receipt of the redacted document production, the plaintiffs attempted to obtain unredacted documents directly from Harris Bank. The bank declined to produce a new, unredacted set of documents on the grounds that it could not guarantee an exact copy because it had not kept a copy of the set of documents produced to the defendants for marking. (Rhodes Decl., Exh. G). The attorney for Harris Bank stated, ". . . it was not my understanding that Mr. LaSpaluto [defendants' legal counsel] would be removing or redacting any documents from the production which the Bank made." *Id.* It apparently was not the understanding of the plaintiffs either; hence this motion.

On or about October 30, 2008, the defendants provided plaintiffs with a "privilege log" but did not list any of their redactions or deletions as subject to any recognized "privilege." (Rhodes Decl., Exh. H.) In defense of its actions with respect to the documents which Harris Bank would have, under the usual course of litigation, sent directly to plaintiffs without a detour to defense counsel, defendants argue that the documents it removed or redacted concern information which is irrelevant, not discoverable and "highly confidential and highly sensitive." (Rsp. at 8.)

*ANALYSIS*

Fed. R. Civ. P. 45 provides the basic framework for subpoenas directed at non-parties to ongoing litigation. Rule 45(c) provides that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Rule 45(c)(3) provides limited bases upon which a motion to quash may be brought. Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena must comply with it. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo.1997).

### A.     *Relevancy*

Overarching the provisions of Rule 45, of course, is the general directive that discovery, whether from parties or non-parties, must be relevant. Fed. R. Civ. P. 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The scope of discovery is broad. *Montano v. Chao*, 2008 WL 5377745, *3 (D. Colo. 2008). "Limitations on the discovery process necessarily conflict with the 'the fundamental principle that 'the public ... has a right to every man's evidence.'" *Id*. (quoting *Simpson v. University of Colorado*, 220 F.R.D. 354, 356 (D.Colo.2004); *Trammel v. United States*, 445 U.S. 40, 50

(1980)). Plaintiffs are entitled to all information that is relevant to the claims and defenses of

the parties and all information that is reasonably calculated to lead to the discovery of admissible

evidence.

The plaintiffs, in their Reply, set forth numerous grounds upon which to base a relevancy

claim about the documents which were redacted by the defendants. Based upon their

representations and considering as well as the comprehensive Interim Protective Order in place,

the court finds that the information is likely relevant under the broad interpretation used by the

Tenth Circuit and is, therefore, discoverable.

### B.     *Protective Order for Sensitive and Confidential Information*

Defendants indicated in their "privilege" log that the grounds for withholding the

information or documents were that information was, "Redacted Irrelevant, Highly Confidential,

Highly Sensitive Information." As to the latter two categories, the Court notes the existence in

this case of a detailed protective order which has provisions for "Attorneys Eyes Only"

designation. [Doc. No. 100, entered July 25, 2008]. The Interim Protective Order provides for

the handling in discovery of,

> certain Confidential Information produced or disclosed in the Litigation may be
> deemed so highly confidential, sensitive or proprietary to the business practices of
> a Party or Third Party that even otherwise restricted disclosure of such
> information or documents would cause significant business harm or hardship to
> the disclosing or revealing party. Such highly confidential, sensitive information
> or documents may be marked or otherwise identified as "RESTRICTED
> CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to production or
> disclosure in the Litigation, and shall be protected from any disclosure except as
> permitted by this Order.

*Id*. at 2-3.  Additionally, the Interim Protective Order provides a mechanism for challenge of confidentiality designations if the parties are in disagreement.  There is no reason why the protective order in this case is not sufficient to protect the material and information redacted by the defendants.

### C.    *Fed. R. Civ. P. 45*

A party, who otherwise has no right to challenge a Rule 45 third party subpoena, may move to quash upon a showing that the party has an applicable privacy interest in the materials to be produced.  *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (D. Colo.1993); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan.1995).  Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum.  *Windsor*, 175 F.R.D. at 668.

Based on the representations in their Response, it is clear that Quiznos has a personal right with respect to confidential information contained within the files and records of its own banking institution.  *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003).  This right, however, merely gives Quiznos the authorization to move to quash the subpoena or otherwise object.  *Id.;* Fed. R. Civ. P. 45.  For reasons unclear to the court, Quiznos elected not to challenge plaintiffs' subpoena to Harris Bank in the Northern District of Illinois in spite of Harris Bank's letter indicating it would produce documents absent an Order quashing the subpoena.  The argument that Quiznos did not know the content of the documents which Harris Bank was intending to produce does not meet with a receptive audience in this court.  Quiznos was a customer of the Bank and as such, could easily have requested that the Bank make them

aware of documents contained in their files which might be considered responsive to the plaintiffs' subpoena. Had Quiznos counsel taken the time and effort to simply examine what was in the files of Harris Bank with respect to its dealings with Quiznos, it could have made an informed decision about whether to file a motion to quash in the appropriate District Court. The fact that Quiznos 'forgot' that certain information had been provided to Harris Bank in connection with a previous loan and therefore chose to sit on their rights, does not give them the later ability to interfere with discovery production outside the Federal Rules of Civil Procedure by intercepting documents from the bank and the plaintiffs under false pretenses. The Rules provided a remedy for Quiznos which they declined to take.

*CONCLUSION*

This court finds that defendants violated their agreement with the plaintiffs and the agreement with Harris Bank with respect to what they would do with the subpoenaed documents and that they acted in a high-handed, imperious manner in interference with the discovery process. Quiznos' actions were not supported by law and the misbehavior was compounded by later demanding that Harris Bank not re-produce documents directly to the plaintiffs, again without properly pursuing their remedies in court. (Rhodes Decl., Exh. F.) Therefore, I find that sanctions pursuant to Fed. R. Civ. P. 37(a)(5) are both warranted and appropriate in this case.

Wherefore, it is **ORDERED**

1. Plaintiffs' Motion to Compel Defendants' Production of Third Party Documents [Doc. No. 147] is **GRANTED**. On or before April 9, 2009, Defendants will provide to plaintiffs the full, complete and un-redacted collection of documents which was given to them by Harris

Bank in response to the subpoena discussed herein. The defendants, if they desire to do so, may mark the documents they will be producing with confidentiality designations pursuant to the instructions in the Interim Protective Order [Doc. No. 100]. <u>No extension of time will be given to the defendants to produce the documents in order to accomplish the confidentiality marking</u>.

2.        Plaintiffs are awarded the reasonable expenses incurred in making and filing their Motion to Compel, including attorney's fees. Plaintiffs shall submit a bill of associated costs on or before April 9, 2009. The defendants shall respond to the reasonableness of the costs and fees submitted on or before April 16, 2009.

Dated this 1st day of April, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge